May it please the Court, Matt Larson of the Federal Defender's Office for the Appellant, Mr. Sykes. With the Court's permission, I'd like to reserve three minutes for rebuttal. Just watch the clock, Counsel. Thank you, Judge. Your Honors, the question in this case is this. In reducing a defendant's original sentence pursuant to a Guidelines Amendment, is the District Court bound by a statutory minimum that was not only not imposed at the original sentencing, but has since been repealed by Congress? I saw this in the brief, but I'm still not quite clear what you mean by that. He didn't impose the statutory minimum. He imposed more than the statutory minimum. So I don't know exactly what you're getting at when you say he didn't impose the statutory minimum. Why would he say, I could give you 120, I'm supposed to give you 120, but I'm going to give you 121? I don't get that. When I say the statutory minimum, Your Honor, I mean the 10-year statutory minimum, then in effect for a 50-gram conviction, which, as is clear, the FSA repealed. That was 120 months. I'm sorry? That's 120? Yes. And your guy got 121 months. Under the then-mandatory guidelines that were in effect in 2004. And the guidelines say when the guidelines are higher than the minimum, you go to the guidelines. In 2004, yes, Your Honor, the Court was required to impose a sentence within the guideline range. So what exactly do you mean when you say he didn't impose the statutory minimum? He imposed more than the statutory minimum. It was what I mean is that he didn't impose the 10-year statutory minimum required by Section 841 at that time, which was applicable to convictions of 50 grams or more. That mandatory minimum has now been repealed by Congress. The requirement is now that you deal 280 grams or more. So that's what I mean when I say the 10-year minimum then in effect has since been repealed and was not imposed originally. Judge King recognized this when dealing with the 3582 application two years ago. He said, I realize we never discussed the mandatory minimum then because we didn't have to. The guideline range was higher than the minimum, so it wasn't discussed. It wasn't addressed meaningfully. So in this case, the question is, dealing with a situation where the question of the case is this, was Judge King bound by the mandatory minimum that was not originally imposed and that was repealed by Congress for being arbitrary, unjust, and racially discriminatory before Judge King imposed it? The answer is no, Your Honors. He was not bound by that repealed statutory penalty. His mistake was thinking that he was bound by it, and thus, but when in fact, Your Honors, the statutory penalty that he did impose last August had been repealed just two days earlier when the FSA took effect on August 3rd. Judge King imposed the sentence on August 5th under what is apparently the mistaken impression that he was required to do so. In fact, the penalty that he imposed last summer had been repealed by Congress just 48 hours earlier. That's the mistake in this case, Your Honors, and that's why the case has to go back to the district court for him to reconsider whether to lower the sentence within the amended guideline range. How do you square that with the Baptist case? Baptist favors us, Your Honor. The sentence at issue at Baptist was imposed before the FSA took effect. The sentence at issue here was imposed after the FSA took effect. And in fact, footnote 2 in the Baptist decision strongly indicates that it would be egregiously unjust to continue to impose sentences that Congress has repealed, recognizing that they were disparate, unjust, wildly expensive, and wound up incarcerating vast numbers of people at great expense for many years in an unwarranted way. Didn't Baptist hold that the Fair Sentencing Act is not retroactive? Baptist held that it's not retroactive when both the offense conduct and the sentence were imposed prior to the enactment of the Act. This is not that situation, Your Honor. Here we have a sentence imposed on August 5th of last year. Now, I understand the government's argument that the sentence Mr. Sykes received last August did not result from a full sentencing hearing or a full resentencing hearing, but rather was in the context of the 3582. Your Honor, that's beside the point. Whatever word we use to describe the proceeding below, the fact is that Mr. Sykes came out of it with a new sentence that was reflected in a new judgment that the Court issued on August 6th of last year. There's no question here that Mr. Sykes had a new penalty, a new sentence of 10 years, pursuant to a mandatory minimum that Congress had just repealed. That's the mistake in this case, Your Honor. That's the mistake in this case, Your Honors, and that's why it needs to go back. Now — So Judge King did notify your client in open court, did he not, that he was subject to the mandatory minimum? In the 2004 sentencing, yes, Your Honor. People sort of assumed — So there's no problem with notice, and there's no problem with the fact that Judge King knew that the mandatory minimum at that time was effective? Yes. I think everyone assumed that — you know, there was no reason not to assume. This was before Hollis. This was before the FSA. In 2004, everyone assumed, yes, that's the applicable minimum. But that's not the question here, Your Honor, respectfully. The question here is, fast-forwarding to August 5th of last summer, what was the Court bound to do, or what was he required to do? The government would submit that the Court was required to impose a penalty that Congress had repealed. We submit otherwise. Now, are you arguing that the reduced sentence, the 120 sentence, is a new sentence or not? It is a new sentence, Your Honor, just as a matter of fact, and I think as the district court itself recognized by issuing a new judgment. Well, now, what about the provision that suggests that a reduction-based — a reduction of these circumstances is a resentencing or an adjustment to a sentence, not a new sentence? It is — respectfully, Your Honor, it is not a full resentencing. Dillon made that clear. Dillon says a 3582 proceeding is — All right. But wait a minute. I misspoke. It should be adjustment. Isn't the term adjustment? The sentence is being reduced. It's being adjusted, yes. But the end result, Your Honor, in this case, is that Mr. Sykes emerged from that proceeding with a new sentence. He went in serving a term of 121 months. He came out with a term of 120 months. The problem is that that 120-month term was imposed pursuant to a statute no longer in effect. There is no authority for a judge in a 3582 proceeding to subject a defendant for the first time to a penalty that has been repealed by Congress. That's why this is an unusual case, Your Honors. This is not a situation in, like, some other cases where the individual was trying to avoid a mandatory minimum that had been imposed or avoid a mandatory minimum that was still in effect at the time of his 3582. There was nothing to avoid here, Your Honors, because the statute had been repealed 48 hours earlier. That's what makes this case unique and kind of interesting. The district court gave no indication that it was aware of the fact that the penalty it felt constrained to give my client for the first time was no longer the law of the land. And the reason it was no longer the law of the land is because, as this Court recognized in Baptist, the sentencing regime that the FSA replaced, Your Honors, had been uniformly regarded as unfair and unjust. There's really no dispute about that. No one argues that the penalties that the FSA repealed were good penalties. To the contrary, Congress, the Sentencing Commission, and certainly every client in this position argues that they're unjust, have a racially discriminatory impact, and are wildly expensive to maintain. Thus, the common-sense question, why continue imposing them? There's no good answer to this. And it's not. Kennedy. If you're right and we agree with you, what should we do? We should remand this for a resentencing? I think it should be remanded for judgment to reconsider the 3582 motion without regard to the repealed mandatory minimum. And do you happen to know what his Mr. Sykes' guidelines would be at that point? The range is 97 to 121 months. So he faces a substantial reduction in time, which would in – could in fact result in his immediate release. On the other hand, he could be sentenced to 121 months. He could. I would subject that's probably unlikely. Judge King did reduce it by one month, but he went no further because he felt that he was bound by this penalty, which in fact had been repealed. I don't know how much farther he would go down or if at all, but clearly the district court labored under the misimpression that it was bound by the statute, which in fact Congress had just repealed. If there are no more questions for now, I'll reserve the balance for rebuttal. Do you want to say anything about the Dillon case? Yeah. Dillon is really not helpful here, Your Honor. Dillon did not involve the FSA. Dillon did not involve a mandatory minimum for that fact. And in Dillon, Mr. Dillon was asking for more than what 3582 allowed. He said, I want to go below the two-level reduction. I want de novo resentencing. That's not what Mr. Sykes is asking for. All that Mr. Sykes wants is a reduction within the scheme that 3582 and the amended guideline allow him. Thank you, counsel. You may reserve the rest of your time for rebuttal. Thank you, Your Honor. We'll hear from the United States. Good morning, Your Honors, and may it please the Court. David Herzog of the United States. I was also counsel in the district court. Dillon and Baptist resolved this case. The rule from Dillon is that a defendant whose criminal conduct and sentencing took place prior to August 3, 2010, does not receive the benefit of the Fair Sentencing Act. So really the question is, on August 5th of 2010, when Judge King issued his order on the 3582C2 motion, was that a sentencing or a resentencing, as Judge O'Scanlan just indicated? The answer to that is, no, it was not. And on that point, Dillon is very clear. I point the Court to Justice Sotomayor's opinion in Dillon at 130 S.C.T. 2690, in which the Court addressed this exact argument, which is, does the characterization of the hearing matter? And the Court says, yes, it does. Characterizing proceedings under 3582 as resentencing proceedings, Dillon contends there's no practical or functional difference between a resentencing under 3582 and any other resentencing. What the Court is saying, and the Court concluded, that in fact, a 3582C2 proceeding is nothing more than a modification or adjustment, but not a resentencing. And that's true for any number of reasons on 3582 proceedings, including the Rule 32 doesn't apply, the defendant doesn't have to be present, the defendant doesn't get to allocute. There are any number of reasons why a 3582 proceeding is not a sentencing or a resentencing. So, under Dillon, the defendant was sentenced in 2004. Under Baptist, because he was sentenced prior to August 3rd of 2010, the Fair Sentencing Act mandatory minimums do apply to him. You heard how Mr. Larson distinguished Baptist, what's your answer to that? I don't think it's a fair distinction, because it turns on Sykes being sentenced after August 3rd, and that's just not the case, as Dillon makes clear. In both cases, Baptist and Sykes, the criminal conduct and the sentencing preceded August 3rd, 2010. And in fact, Baptist was a more difficult case because the appeal was pending on August 3rd, 2010. In Sykes, the judgment had gone final years before, so this is actually an even easier case than Baptist. Because it's so clear that the conduct and sentencing took place well before August 3rd of 2010. I mean, there is something sort of Kafkaesque about a guy getting sentenced to the mandatory minimum on August 5th when the mandatory minimum was repealed on August 3rd. I agree with you, Your Honor, but that's because the defendant was not sentenced on August 5th. You know, I guess we can quibble about what's a sentence. He was there in court, the judge signed an order sending him to prison. Your Honor, if I may, the defendant was not actually present. But the point is, you know, the judge made a sentencing decision on August 5th, whatever you call it. Your Honor, with respect, I think Dillon forecloses that argument because it addresses that exact thing, which is, does the characterization matter? And the characterization does matter. This was not a sentencing. Under 3582C2, if there's a guidelines amendment, the defendant gets to come into court and have the court impose a new sentence based on the reduced guidelines. Fair enough. That's what happened here. The district court reduced it to 120. But that process is a modification. If I may read from the Dillon opinion, at 2690, by its terms, 3582C2 does not authorize a sentencing or resentencing proceeding. Instead, it provides for the modification of a term of imprisonment by giving the courts the power to reduce an otherwise final sentence. That resolves this case. He was not sentenced on August 5th. He was sentenced in May, sorry, in August of 2004, and that sentence had gone final. I think Dillon resolves that question about was he sentenced or was the sentence modified on August 5th. I would also just note for the court that the defendant's 3582C2 motion was premised on a Hollis Apprendi claim, which in its 28J letter, the defense, I think, has walked away from. But I just want to note that this argument about the mandatory minimums is really plain error review because it wasn't raised in the district court, the argument about the mandatory minimums. I think under any standard of review, the government wins because of Dillon and Baptist. But I just want to note that for the court. If the Court has no further questions. I'll take further. Mr. Larson, you have some reserve time. Your Honor, Judge Silverman is right. Whatever you call it, Mr. Sykes got a new sentence on August 5th, 2010. That's the fact of the matter. The cases applying the FSA make clear that the context in which a new sentence is imposed is not as important as whether a new sentence is imposed or not. Let's look at Baptist. It would be especially egregious to require judges to continue to require that courts impose unfair and unreasonable sentences. There is no dispute in this case that the 10-year mandatory minimum was imposed for the first time on August 5th, just two days after it was repealed. Let's look at the Third Circuit. Let's look at the Eleventh Circuit in Rojas. The will of Congress was for the FSA to halt unfair sentencing practices immediately. A 3582 is a sentencing practice. Yes, it's a reduction. Yes, it's an adjustment. Whatever you want to call it, Your Honor. It's a proceeding in which Mr. Sykes emerged with a new sentence. What was that new sentence? It was a sentence that Congress had just repealed. Well, now, Judge, Justice Sotomayor uses the term modification. Yes, Judge. Yes. I think if you want to. And I'm looking at Dillon. Yes. In the same page that was cited by your opposing counsel. Yes. I would say you can call it a modification. You can call it a reduction of the original sentence. You can call it a change. At the end of the day, what happened? He came out with a different or a new sentence, a new judgment issued. Dillon simply doesn't control here. It didn't involve the FSA, and it didn't involve a mandatory minimum. More importantly, Mr. Dillon wanted what 3582 does not allow. All that Mr. Sykes wants is what 3582 allows. Thank you, counsel. Your time has expired. Thank you, Your Honor. The case just argued will be submitted for decision. And our last case for this morning's calendar is United States v. Araiza.
judges: Alarcon, O'scannlain, Silverman